UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1: CR-04-057 |
| | ) | |
| v. | ) | (Judge Conner) |
| | ) | |
| TROY FAMOUS, | ) | (Under Seal) |
| | ) | |
| Defendant. | ) | (Electronically filed) |

FILED
HARRISBURG
MAY 2 3 2005
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea entered by defendant Troy Famous, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States all property used or intended to be used in any manner or part to commit or facilitate the commission of the offenses involving 21 U.S.C. §§ 841(a)(1).

2. Based upon the evidence set forth in the Indictment and Information and as agreed upon in the defendant's plea agreement, the United States has established the requisite nexus between the property and the offense to which the defendant pleads guilty. Accordingly, the following property is subject to forfeiture to the

United States pursuant to 21 U.S.C. § 853:

    a)    $150,000.00 in United States currency or real property located at 2604 Hillcrest Avenue, Norristown, Pennsylvania 19402 more specifically described as follows:

All that certain lot or piece of land with the buildings and improvements thereon erected, Situate in the Township of East Norriton, County of Montgomery and State of Pennsylvania, bounded and described according to a Survey and Plan thereof made by John V. Hoey, Registered Engineer, November 11, 1952, as follows, to wit:

BEGINNING at a point on the Southeasterly side of Hillcrest Avenue (33 feet wide) at a distance of 91.3 feet measured along the Southeasterly side of Hillcrest Avenue on a course of North 57 degrees 03 minutes East from an angle point, which last mentioned point is at the distance of 44.74 feet measured along the southeasterly side of Hillcrest Avenue from its point of intersection with the Northeasterly side of Evergreen Avenue (33 feet wide); thence from said point of Beginning along the Southeasterly side of Hillcrest Avenue North 57 degrees (03 minutes East 60 feet to a point, a corner; thence South 32 degrees 57 minutes East 193.6 feet to a point, a corner, thence South 43 degrees 45 minutes West 61.65 feet to a point; thence along other land now r late of George F. Kenworthy, of which this is a part North 32 degrees 57 minutes West 207.78 feet to the place of BEGINNING.

Parcel Number 33-00-04480-005;

    b)    a 2003 Dodge Durango, VIN 1D4HS58N93F524343; and

    c)    $37,912.00 in United States currency.

3. Upon the entry of this Order, the United States Marshals Service is authorized to seize the above-listed physical property, post any real property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with 32.2(b)(3) of the Federal Rules of Civil Procedure.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Marshals Service may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. No such notice

is required to the extent that this Order consists solely of a money against the defendant pursuant to 32.2(c)(1) of the Federal Rules of Criminal Procedure.

6. Any person, other than the above-mentioned defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon the showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if one, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this order to Assistant United States Attorney James T. Clancy, United States Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this 23RD day of May, 2005.

*(signature)*
CHRISTOPHER C. CONNER
UNITED STATES DISTRICT JUDGE